# IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| SEQUOIA PACIFIC SOLAR I, LLC, and EIGER LEASE CO, LLC, | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) No. 13-139C ) (Senior Judge Bruggink) |
| THE UNITED STATES, | ) ) |
| Defendant. | ) |

## AMENDED ANSWER TO AMENDED COMPLAINT AND COUNTERCLAIM

For its answer to the complaint, defendant admits, denies, and alleges as follows:

1.  The allegations contained in paragraph 1 are conclusions of law, to which no answer is required; otherwise denies the allegations contained in paragraph 1 for lack of knowledge or information sufficient to form a belief as to their truth.

2.  Admits the allegations contained in the first two sentences of paragraph 2 to the extent supported by the statute referenced, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 2 for lack of knowledge or information sufficient to form a belief as to their truth.

3.  States that the Office of the Fiscal Assistant Secretary of the U.S. Department of the Treasury (Treasury) administers the program created by Section 1603, as amended by § 707 of the Tax Relief, Unemployment Insurance Reauthorization, and Job Creation Act of 2010, Pub. L. No. 111-312 (2010). The remaining allegations are plaintiffs' characterization of the case and conclusions of law, to which no answer is required; otherwise denies.

4.  The allegations contained in paragraph 4 constitute conclusions of law, to which no answer is required; otherwise denies.

5. The allegations contained in paragraph 5 concerning congressional mandate constitute conclusions of law, to which no answer is required; denies the allegation that Treasury "delayed" payments. Denies the remaining allegations contained in the paragraph 5, except to state that certain benchmark values contained in the referenced document were updated.

6. The allegation contained in the first sentence of paragraph 6 is a conclusion of law to which no response is required; otherwise denies the allegation. The allegation contained in the second sentence of paragraph 6 concerning alleged deficiencies in Treasury's administration is a conclusion of law to which no response is required; otherwise denies that allegation; denies the remaining allegations contained in the second sentence of paragraph 6 for lack of knowledge or information sufficient to form a belief as to their truth; except admits that Treasury and plaintiffs have communicated about plaintiffs' applications. Denies the allegations contained in the third sentence of paragraph 6 to the extent they allege that Treasury insists that applicants paid a reduced amount may not contact Treasury if they believe the reduction is in error; the remaining allegations contained in the third sentence of paragraph 6 constitutes a conclusion of law, to which no answer is required.

7. The allegations contained in paragraph 7 constitute conclusions of law, to which no answer is required.

8. Denies the allegations contained in paragraph 8 for lack of knowledge or information sufficient to form a belief as to their truth.

9. Admits the allegation contained in paragraph 9 that plaintiffs submitted applications for Section 1603 payments. Denies the remainder of the allegations contained in paragraph 9 for lack of knowledge or information sufficient to form a belief as to their truth.

10. Denies the allegations contained in paragraph 10 for lack of knowledge or information sufficient to form a belief as to their truth.

11. Denies the allegations contained in paragraph 11 for lack of knowledge or information sufficient to form a belief as to their truth.

12. Admits that defendant is the United States and the Office of Fiscal Assistant Secretary of the Department of the Treasury administers the Section 1603 program; the remaining allegations are conclusions of law to which no response is required.

13. States that the investment tax credit (ITC) was first enacted in 1962. States that the amount of ITC permitted by the Internal Revenue Code (IRC) serves to reduce income taxes otherwise owed by a taxpayer for the relevant period. Denies the remainder of the allegations contained in paragraph 13 for lack of knowledge or information sufficient to form a belief as to their truth.

14. States that the investment tax credit (ITC) comprises various components, as set out in Internal Revenue Code §§ 46-50; admits the remaining allegations to the extent supported by those provisions; otherwise denies those allegations.

15. States that the operation of the various ITCs is established by the Internal Revenue Code, as applied and interpreted by administrative and judicial law; the remaining allegations contained in paragraph 15 constitute conclusions of law, to which no answer is required.

16. States that the Energy Credit, as defined by IRC § 48, includes solar energy; the remaining allegations contained in the first sentence of paragraph 16 are conclusions of law, to which require no response is required. Denies the remaining allegations contained in paragraph 16 for lack of knowledge or information sufficient to form a belief as to their truth.

17. Admits the allegations contained in paragraph 17 to the extent supported by the statute cited and quoted, Energy Tax Act of 1978, Pub. L. No. 95-618, §§ 101, 301, 92 Stat. 3174, 3175-80, 3104-201, which is the best evidence of its contents; otherwise denies the allegations.

18. Denies the allegations contained in the first sentence of paragraph 18 for lack of knowledge or information sufficient to form a belief as to their truth inasmuch as the allegation lacks specificity. Admits the remaining allegations contained in paragraph 18 to the extent supported by the statutes cited, which are the best evidence of their contents; otherwise states that the allegations contained in paragraph 18 are conclusions of law to which no answer is required.

19. The allegation contained in the first sentence of paragraph 19 is a conclusion of law to which no response is required; denies the remaining allegations contained in paragraph 19 for lack of knowledge or information sufficient to form a belief as to their truth.

20. The allegations contained in the second sentence of paragraph 20 concerning consistency with precedent constitute conclusions of law to which no response is required; denies the allegations contained in paragraph 20 for lack of knowledge or information sufficient to form a belief as to their truth.

21. The allegations contained in paragraph 21 constitute conclusions of law to which no response is required or present allegations of fact, which we deny for lack of knowledge or information sufficient to form a belief as to their truth inasmuch as the allegation lacks specificity.

22. States that there was an economic downturn in the United States in 2008; denies the remainder of the allegations contained in paragraph 22 for lack of knowledge or information sufficient to form a belief as to their truth, inasmuch as the allegation lacks specificity.

23. Admits the Recovery Act was enacted in February 2009. Admits the remaining allegations to the extent supported by the Recovery Act; otherwise denies those allegations.

24. Admits the Recovery Act was enacted in February 2009. Admits the remaining allegations to the extent supported by the Recovery Act; otherwise denies those allegations.

25. The allegation contained in paragraph 25 is a conclusion of law to which no response is required; states that Section 1603 contains such language to the extent supported by Section 1603; otherwise denies the allegation.

26. Denies the allegations contained in paragraph 26 for lack of knowledge or information sufficient to form a belief as to their truth; the allegation regarding the "explicit promise" concerning payment is a conclusion of law, which requires no response; otherwise denies.

27. The allegations contained in paragraph 27 constitute conclusions of law, to which no answer is required; to the extent the allegation concerns the contents of the statute and document cited, refers to the statute and document cited, which are the best evidence of their contents.

28. The allegation contained in paragraph 28 constitutes a conclusion of law, to which no answer is required.

29. The allegations contained in paragraph 29 constitute conclusions of law, to which no answer is required; refers to the document cited concerning its contents.

30. Denies the allegations contained in the first and third sentences of paragraph 30 for lack of knowledge or information sufficient to form a belief as to their truth, inasmuch as the allegations lack specificity. The allegations contained in the second sentence of paragraph 30 constitute conclusions of law, to which no answer is required; otherwise denies.

31. The allegations contained in paragraph 31 constitute conclusions of law, to which no answer is required; refers to the statute and document cited concerning their contents.

32. The allegations contained in paragraph 32 constitute conclusions of law, to which no answer is required; otherwise denies.

33. Denies the allegations contained in paragraph 33 for lack of knowledge or information sufficient to form a belief as to their truth.

34. The allegations contained in paragraph 34 constitute conclusions of law, to which no answer is required.

35. The allegations contained in paragraph 35 constitute conclusions of law, to which no answer is required.

36. Denies the allegations contained in paragraph 36 for lack of knowledge or information sufficient to form a belief as to their truth, except admits that plaintiffs have submitted applications for Section 1603 payments.

37. Denies the allegation concerning industry's assumptions for lack of knowledge or information sufficient to form a belief as to its truth. The remaining allegations contained in paragraph 37 constitute conclusions of law, to which no answer is required; otherwise denies.

38. States that the Office of the Fiscal Assistant Secretary of the Department of the Treasury administers the Section 1603 program. Denies the allegations contained in the second sentence of paragraph 38. Denies the allegations contained in the third sentence of paragraph 38

and refers to the website cited, which is the best evidence of its contents. States that the description on the website states that the office "helps formulate policy and develop systems for the collection, disbursement, management and security of public monies in the United States and abroad, and related government-wide accounting and reporting for those funds." See http://www.treasury.gov/about/organizational-structure/offices/Pages/Office-of-Fiscal-Service.aspx (last accessed on Nov. 21, 2013).

39. The allegations contained in the first sentence of paragraph 39 constitute conclusions of law, to which no answer is required, except denies the implied premise that Treasury did something improper. Denies the allegations contained in the second sentence of paragraph 39, except admits that Treasury issued the document cited.

40. Denies the allegations contained in paragraph 40, except states that the allegations that Treasury paid applicants "lower cash grants than those to which applicants were entitled" and that their expectations to the contrary were "legitimate" constitute conclusions of law, to which no answer is required.

41. The implication that a cost basis must rely solely on purchase price or that Treasury's approach "fails" are conclusions of law, to which no answer is required; otherwise denies. To the extent the allegation concerns the contents of the document, refers to the document cited, which is the best evidence of its contents.

42. Denies the allegations contained in the first sentence of paragraph 42, except to the extent supported by the document referenced, which is the best evidence of its contents. Denies the allegations contained in the second sentence of paragraph 42 for lack of knowledge or information sufficient to form a belief as to their truth.

43. Denies; refers to the document cited, which is the best evidence of its contents. The allegations contained in the second sentence paragraph 43 are conclusions of law, to which no answer is required; denies the remaining allegations presented in paragraph 43.

44. Denies.

45. Denies the allegations contained in paragraph 45, except states that the allegation that the cited Guidance is "problematic" is a conclusion of law to which no answer is required and admits the quotation contained in the first sentence appears in the Guidance, except that the first word quoted should be "continuously."

46. Denies that Treasury mishandled the Section 1603 program; the remaining allegations contained in paragraph 46 are conclusions of law and characterization of the case, to which no answer is required.

47. Denies that Treasury "pre-emptively denigrated" any evidence or acted improperly. Admits the allegations contained in the first sentence of paragraph 47 to the extent supported by the document cited, which is the best evidence of its contents. The remaining allegations contained in paragraph 47 are conclusions of law to which no response is required.

48. The implication that Treasury's review of the evidence was improper and the allegations that the valuations were "improper," that applicants were "entitled" to any particular amount, that payments were untimely, that Treasury violated "Congress's intent" and all similar allegations that Treasury violated the law are conclusions of law to which no response is required; otherwise denies the allegations contained in paragraph 48, except states that plaintiffs were paid monies after 60 days of an initial submission.

49. Denies the allegations contained in paragraph 49 for lack of knowledge or information sufficient to form a belief as to their truth, except that the allegation that investors

were "entitled" to amounts not paid is a conclusion of law to which no response is required.

50. The allegation contained in the first sentence of paragraph 50 that there were "deficiencies" in the cited Guidance is a conclusion of law to which no response is required; regarding the paraphrase of the Guidance contained in the first and second sentences, states that for properties in California and Arizona the cited email reported that dollar per watt values of $6.00 and $5.00, respectively, "would be more consistent with the FMV of these properties," but that all payments are subject to further review, and states that the same email states that "where a statewide average claimed basis was $7.00/watt or less would be processed without further upfront scrutiny" under certain conditions and also subject to further review; otherwise denies the paraphrase. Denies the implication of the second sentence that the email constituted an improper method of analysis and therefore there was a "drastic" change. Denies the allegations contained in the third and fourth sentences of paragraph 50; except admits Treasury has not revised the document titled "Evaluating Cost Basis for Solar Photovoltaic Properties." Denies the allegations contained in the fifth sentence of paragraph 50 for lack of knowledge or information sufficient to form a belief as to its truth.

51. Denies, except admits the allegations contained in paragraph 51 that plaintiffs over a period of months engaged in discussions and correspondence with Treasury.

52. Denies, except admits that the full amounts claimed on certain of the applications were not paid to plaintiffs.

53. With regard to the first sentence of paragraph 53, states that Sequoia Pacific Solar I LLC (Sequoia) submitted applications for Section 1603 payments with respect to the 189 residential and commercial solar energy projects listed in Exhibit A to the amended complaint; the remaining allegations contained in the first sentence of paragraph 53 are conclusions of law,

to which no answer is required. Denies the allegations contained in the second sentence of paragraph 53, except admits that Sequoia submitted appraisals prepared by Mesirow Financial Consulting or Alvarez and Marsal. The allegations contained in the third sentence of paragraph 53 are conclusions of law to which no response is required. The allegation contained in the fourth sentence of paragraph 53 that payments were untimely is a conclusion of law to which no response is required; otherwise denies but states that some monies might not have been paid within 60 days of an incomplete submission and that certain Section 1603 payments were reduced by the automatic spending cuts to the federal budget ("sequestration") that were established by the Budget Control Act of 2011, Pub. L. 112-25, 125 Stat. 240. The allegation contained in the fifth sentence of paragraph 53 that Treasury "improperly" reduced the cited awards is a conclusion of law to which no response is required; otherwise denies, but admits the allegation contained in the fifth sentence of paragraph 53 that Treasury reduced the awards for Sequoia's projects; denies the allegation that Treasury reduced the awards for Sequoia's projects by $8,687,558 for lack of knowledge or information sufficient to form a belief as to its truth; inasmuch as the allegation lacks specificity as to awards. The allegations contained in the sixth sentence of paragraph 53 are conclusions of law to which no response is required; admits that Exhibit A to plaintiffs' amended complaint identifies the applications on which Sequoia bases its claims and the amounts by which Sequoia alleges the awards were reduced on those applications.

54. With regard to the first sentence of paragraph 54, states that Eiger Lease Co. LLC (Eiger) submitted applications for Section 1603 payments with respect to the 4,015 residential solar energy projects listed in Exhibit B to the amended complaint; the remaining allegation contained in the first sentence of paragraph 54 is a conclusion of law, to which no answer is required. Denies the allegations contained in the second sentence of paragraph 54, except admits

that Eiger submitted appraisals prepared by Mesirow Financial Consulting or Alvarez and Marsal. The allegation contained in the third sentence of paragraph 54 that Treasury "improperly" reduced the cited awards is a conclusion of law to which no response is required; otherwise denies, but admits the allegation contained in the third sentence that Treasury reduced the awards for Eiger's projects; denies the allegation that Treasury reduced the awards for Eiger's projects by $5,877,234 for lack of knowledge and information sufficient to form a belief as to its truth, due to the allegation's lack of specificity as to awards. The allegations contained in the fourth sentence of paragraph 54 are conclusions of law to which no response is required; otherwise denies, but admits that Exhibit B to plaintiffs' amended complaint identifies the applications on which Eiger bases its claims and the amounts by which Eiger alleges the awards were reduced on those applications.

55. Denies except states that Treasury issues award letters to applicants, which are the best evidence of their contents.

56. Defendant's responses to paragraphs 1 through 55 are incorporated by reference.

57. The allegations contained in paragraph 57 constitute conclusions of law, to which no answer is required.

58. Admits the allegation contained in paragraph 58 to the extent supported by the portion of Section 1603 quoted, which is the best evidence of its contents; otherwise denies the allegation.

59. Admits the allegations contained in paragraph 59 to the extent supported by Section 1603, which is the best evidence of its contents; otherwise denies the allegations.

60. The allegations contained in paragraph 60 constitute conclusions of law, to which no answer is required.

61. The allegations contained in paragraph 61 constitute conclusions of law, to which no answer is required.

62. The allegations contained in paragraph 62 constitute conclusions of law, to which no answer is required.

63. The allegations contained in paragraph 63 constitute a conclusion of law, to which no answer is required.

64. The allegations contained in paragraph 64 constitute a conclusion of law, to which no answer is required, including the implication that Treasury was required to make payments before applications were complete or acted improperly in requiring as much.

65. The allegations contained in paragraph 65 constitute a conclusion of law, to which no answer is required, including the implication that Treasury acted improperly.

66. Denies that plaintiffs are entitled to the relief set forth in the prayer for relief immediately following paragraph 65, or to any relief whatsoever.

67. Denies each and every allegation not previously admitted or otherwise qualified.

## DEFENSES

68. Any recovery on plaintiffs' claim must be reduced by set-off and/or equitable recoupment of any amount received by plaintiffs as a Federal income tax credit under the Internal Revenue Code §§ 45 or 48 in connection with its acquisition, installation, or operation of the facilities at issue in this suit.

## COUNTERCLAIM

69. Following the close of fact discovery, defendant's expert witness conducted a valuation of plaintiffs' properties at issue, as set forth in expert reports served on November 19, 2015 and February 3, 2016.

70. Defendant's expert witness's valuation of the properties at issue indicates that plaintiffs received overpayments on their Section 1603 applications. Between the two plaintiffs, defendant's expert witness found a net overpayment of approximately $9.2 million.

71. The difference between the amount that Treasury paid and the amount to which plaintiffs are entitled is an overpayment owed to the United States.

72. Accordingly, the United States asserts this counterclaim for overpayment against plaintiffs pursuant to the right of the United States to recover overpayment of Federal funds.

73. This counterclaim against plaintiffs is being brought pursuant to 28 U.S.C. §§ 1503 and 2508.

WHEREFORE, defendant requests that the Court enter judgment in its favor on its counterclaim in an amount to be determined at trial, order that plaintiffs' complaint be dismissed, and grant defendant such other and further relief as the Court may deem just and proper.

Respectfully submitted,

BENJAMIN C. MIZER
Principal Deputy Assistant Attorney General

ROBERT E. KIRSCHMAN, JR.
Director

/s/ Steven J. Gillingham
STEVEN J. GILLINGHAM
Assistant Director

/s/ Zachary J. Sullivan
ZACHARY J. SULLIVAN
Trial Attorney
Commercial Litigation Branch
Civil Division
U.S. Department of Justice
Washington, DC 20530

Telephone: (202) 616-0320
Facsimile: (202) 514-8624
E-mail: zachary.j.sullivan@usdoj.gov

May 3, 2016                                    Attorneys for Defendant